

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN 11, TEXAS

GERALD C. MANN

~~NELSON~~WILSON~~

ATTORNEY GENERAL

Honorable Geo. H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Mr. Sheppard:

Opinion No. 0-5333
Re: Whether or not the Board
    of Control may delegate to
    another the authority to
    approve a voucher claim for
    the issuance of a warrant.

Your request for an opinion from this department is as follows:

"This department is in receipt of Purchase Voucher to The Cooper Company, Inc., 301 South 4th Street, Waco, Texas, against an appropriation made to the Gatesville School For Boys, Gatesville, Texas.

"The voucher carries the approval of the Institution Head and appears to have been regularly requisitioned through the Board of Control. It is approved by Mr. G.B. Carlisle for the Board of Control.

"This department respectfully requests your opinion as to whether it is authorized to issue warrant in payment of this voucher claim that carries the approval of the Board of Control by G. B. Carlisle. It is the information of this department that G.B. Carlisle is Chief, Claims Division, of the State Board of Control."

The statute (Title 20) defining the powers and duties of the Board of Control specifically provides for certain divisions; thus, there is a Division of Public Printing (Art. 607), Division of Purchasing, (Art. 631), Division of Public Buildings and Grounds, (Art. 665), Division of Design and Appropriations, (Art. 688), Division of Eleemosynary Institutions (Art. 690) and Division of Child Welfare (Art. 695a).

Article 604 declares that "the Board may from time to time create such other divisions of its work as may be necessary,

and appoint chiefs of such divisions, . . . . ."

We are advised by the Chairman of the Board that there has been no formal creation by the Board of a Claims Division, but that Mr. Carlisle is an employee of the department filling the position of Claims Division Chief listed as Item 16 of Salaries -- Main Office in the current General Appropriation for that department.

There is no general statute creating the office of Chief of the Claims Division nor indeed is there one creating such a division.

Texas Jurisprudence, Vol. 34, p. 459, Sec. 79, in compendium style declares:

"It is a general rule that public duties must be performed and governmental powers exercised by the officer or party designated by law -- that they can not be delegated to others. This is particularly true of duties which are judicial in their nature, or which call for the exercise of reasonable discretion, and which are regarded as a part of the public trust assumed."

The rule there announced is in keeping with the general rule throughout the country.

In 46 C.J., (p. 1062, Sec. 381) the rule is epitomized as follows:

"Where, however, provision is made by statute for the postion of deputy, such deputy is regarded as a public officer."

Whether such alter-ego officer be denominated deputy or chief, the rule would of course be the same. As said in Pfeffer v. Mahnke, 260 S.W. 1033:

"The chief clerks are public officers in the same sense and created by the same legal authority as other statutory officers of state."

They, of course, exercise their office under precisely the same authority as the head officer, department or board, as the case may be -- that is, the statute itself.

Where, therefore, the approval of the Board of Control is required, that approval must be the act of the Board as such,

or of a statutory deputy, assistant, or other alternate clothed with such power.

Under the statutes there is no precise method prescribed for evidencing the Board's approval of an invoice. There is nothing in your letter, nor otherwise known to us, to show whether or not the Board has approved the invoice. You should therefore require satisfactory evidence that it has done so.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By s/Ocie Speer
Ocie Speer
Assistant

OS-MR-wc

APPROVED JUN 7, 1943
s/Grover Sellers
FIRST ASSISTANT
ATTORNEY GENERAL

Approved Opinion Committee by s/BWB Chairman